**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:15-cv-62359-BB

JAMES JOHN WAITE, JR., et al.,

    Plaintiffs,

v.

ALL ACQUISITION CORP., etc., et al.,

    Defendants.
_____/

**DEFENDANT UNION CARBIDE CORPORATION'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Union Carbide Corporation ("Union Carbide"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2), hereby moves this Honorable Court for an order permitting it to amend its answer and affirmative defenses. A copy of the proposed Amended Answer and Affirmative Defenses is attached hereto as Exhibit "A". Union Carbide seeks to amend its affirmative defenses to name certain non-parties as *Fabre* defendants pursuant to Fla. Stat. § 768.81 and *Fabre v. Marin*, 623 So. 2d 1183 (Fla. 1993).

Rule 15 provides that a party may amend a pleading by leave of court, which "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Union Carbide seeks to amend its Answer and Affirmative Defenses in order to identify with specificity those non-parties against whom it may be entitled to an apportionment of non-economic damages pursuant to Fla. Stat. § 768.81(3) and *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), *receded from in part*, *Wells v. Tallahassee Mem'l Reg'l Med. Ctr.*, 659 So. 2d 249, (Fla. 1995). Section 768.81(3), Fla. Stat., expressly recognizes the right of a defendant seeking apportionment to amend its answer to identify non-parties that the defendant has determined to be at fault:

> In order to allocate any or all fault to a nonparty, a defendant must affirmatively plead the fault of a nonparty and, absent a showing of good cause, identify the nonparty, if known, or describe the nonparty as specifically as practicable, either by motion or in the initial responsive pleading when defenses are first presented . . . .

Fla. Stat. § 768.81(3)(d) (emphasis added). The Florida Supreme Court has also expressly recognized the right and obligation of a defendant to amend its Answer to identify non-parties subject to apportionment:

> [I]n order to include a nonparty on the verdict form pursuant to *Fabre*, the defendant must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty . . . . notice prior to trial is necessary because the assertion that noneconomic damages should be apportioned against a nonparty may affect both the presentation of the case and the trial court's rulings on evidentiary issues.

*Nash v. Wells Fargo Guard Serv., Inc.*, 678 So. 2d 1262, 1264 (Fla. 1996).

When a district court's jurisdiction is based on diversity of citizenship, the court is bound to apply the law of the state in which it is located. *Allstate Ins. Co. v. Clohessy*, 32 F. Supp. 2d 1333 (M.D. Fla. 1998). The applicability of *Fabre* is a matter of Florida law. *See Millette v. Tarnove*, 435 Fed. Appx. 848, 851-52 (11th. Cir. 2011) (recognizing that in *Fabre v. Marin*, the Florida Supreme Court "held that the comparative fault statute, Fla. Stat. § 768.81, permits a defendant in a negligence action to seek apportionment of a plaintiff's damages among nonparties based on percentage of fault"). Affirmative defenses naming *Fabre* defendants who may be at fault have been permitted in the Southern District of Florida. *See Sachi v. Labor Ready Se., Inc.*, No. 09-82388-CIV, 2010 WL 3259916, at *2 (S.D. Fla. Aug. 18, 2010) (permitting defendant to pursue Fabre affirmative defense that did not specifically identify third party by name). The need to amend an affirmative defense to identify a non-party tortfeasor has also been acknowledged. *See id*. (acknowledging that defendant would need to move to amend the affirmative defense to specifically identify non-party).

Thus, in accordance with Fla. Stat. § 768.81(3)(d) and the above-cited precedents, Union Carbide raised apportionment as an affirmative defense in its original Answer and Affirmative Defenses. Subsequent discovery has revealed non-parties who may be at fault in this case, and Union Carbide therefore seeks to amend its Answer and Affirmative Defenses to specifically identify those non-parties as required by § 768.81(3)(d), Fla. Stat., and applicable Florida case law.

This Court should grant Union Carbide's motion, as no party will be prejudiced by this amendment, there has been no bad faith or undue delay on the part of the moving party, and amendment would not be futile. Moreover, no other grounds for denying leave to amend exists. "A court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) . . . amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 814 (M.D. Fla. 1995).

Here, the amendment to add additional *Fabre* defendants would not be prejudicial to Plaintiffs. These defenses require little or no discovery and involve events well known to Plaintiffs. Moreover, discovery is not closed. Thus, Plaintiffs have the opportunity to conduct additional discovery if so required. Likewise, there has been no bad faith or undue delay on the part of Union Carbide, as it has been evaluating the additional non-parties identified through discovery, and is seeking leave to amend prior to expiration of the February 1, 2016 deadline for filing motions to amend set forth in this Court's Scheduling Order. *See* Scheduling Order at 1 (Doc. 33). Nor would amendment be futile; the non-parties identified in Union Carbide's proposed amendment may potentially be liable for Plaintiffs' alleged injuries. Additionally,

3

because Union Carbide raised apportionment as a defense in its original Answer and Affirmative Defenses, the proposed amendments will not alter the basic issues in this case.

WHEREFORE, Union Carbide respectfully moves the Court for leave to file its Amended Answer and Affirmative Defenses to Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 15(a)(2) to identify the non-parties against whom it seeks apportionment.

### Certification of Conferral Pursuant to Local Rule 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with Plaintiffs' counsel in a good faith effort to resolve the issues presented in this motion but has been unable to resolve the issues.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

**CARLTON FIELDS JORDEN BURT, P.A.**

/s/*M. Derek Harris*
M. Derek Harris
Florida Bar No. 097071
dharris@cfjblaw.com
Ryan S. Cobbs
Florida Bar No. 912611
rcobbs@cfjblaw.com
Matthew J. Conigliaro
mconigliaro@cfjblaw.com
Florida Bar No. 63525
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Tel:  (561) 659-7070

**LIST OF COUNSEL**

*James John Waite, Jr. and Sandra Waite v. AII Acquisition Corp., et al.*
*Case No. 0:15-CV-62359-BB*
*United States District Court, Southern District of Florida*

Jonathan Ruckdeschel
THE RUCKDESCHEL LAW FIRM, LLC
8357 Main Street
Ellicott City, MD  21043
Telephone: (410) 750-7825
ruck@rucklawfirm.com

-and-

Rebecca S. Vinocur, Esq.
Rebecca S. Vinocur, P.A.
5915 Ponce de Leon Blvd., Suite 11
Coral Gables FL 33146
Telephone: (786) 691-1282
rvinocur@rsv-law.com

-and-

Dawn Besserman (*Admitted Pro Hac Vice*)
dbesserman@mrhfmlaw.com
MAUNE RAICHLE HARTLEY, et al.
2 Club Centre Court, Suite 4
Edwardsville IL 62025
Telephone: (314) 241-2003

*Attorneys for Plaintiffs*

Susan J. Cole
Eduardo J. Medina
Melanie Chung-Tims
BICE COLE LAW FIRM, PL
999 Ponce de Leon Blvd., Suite 710
Coral Gables, FL  33134
Telephone: (305) 444-1225
cole@bicecolelaw.com
asbestosservice@bicecolelaw.com

*Attorneys for Defendant BorgWarner Morse TEC LLC as successor by merger to Borg-Warner Corporation*

Melissa R. Alvarez
Caroline M. Iovino
Anthony Upshaw
MCDERMOTT WILL & EMERY
333 SE 2nd Avenue, Suite 4500
Miami, FL  33131
Telephone: (305) 358-3500
Malvarez@mwe.com
Aupshaw@mwe.com

*Attorneys for Defendant Honeywell International, Inc.*

Todd C. Alley
Ollie M. Harton
HAWKINS PARNELL THACKSTON & YOUNG LLP
303 Peachtree Street NE, Suite 400
Atlanta, GA  30308-3243
Telephone: 404-614-7500
talley@hptylaw.com
oharton@hptylaw.com

*Attorneys for Defendants Western Auto Supply Company*

Stuart Weinstein
Laura Eggnatz
SHAPIRO, BLASI, WASSERMAN et al.
7777 Glades Road, Suite 400
Boca Raton, FL  33434
Telephone: (561) 477-7800
saweinstein@sbwlawfirm.com
leeggnatz@sbwlawfirm.com

-and-

Katherine Binns (*Admitted Pro Hac Vice*)
Binns Law Firm, PLLC
3839 McKinney Avenue, Suite 155-773
Dallas, TX 75204
Telephone:  (972) 754-1733

kbinns@binnstrial.com

*Attorneys for Defendant Georgia-Pacific, LLC*

Lucia V. Pazos
BROWN SIMS
4000 Ponce De Leon Blvd., Suite 630
Coral Gables FL 33146
Telephone: 305-274-5507
lpazos@brownsims.com

*Attorneys for Defendant Genuine Parts Company*

Henry Salas
Clarke Sturge
Andrew Scott Freedman
COLE, SCOTT & KISSANE, P.A.
9150 South Dadeland Blvd., Suite 1400
Miami, FL  33156
Telephone: 305-350-5300
Henry.salas@csklegal.com
Clarke.sturge@csklegal.com
Andrew.freedman@csklegal.com

*Attorneys for Defendants Pneumo Abex LLC and Ford Motor Company*